FRIENDSHIP AND TRUTH SICK AND BROTHERLY ASSOCIATION, KASTORYALIS OF NEW YORK, Plaintiff, *v.* CHARLES ROTHMAN and Others, Defendants.

Supreme Court, Kings County, February 4, 1938.

*Louis J. Opal,* for the plaintiff.

*Wolf & Zuckerbrot,* for the defendants.

DODD, J. The plaintiff and the defendants were owners of adjoining property. The houses were one-family houses originally, and between the houses there was a clear space of six or seven feet. The plaintiff erected a one-story extension to the house to the full width of its lot and running almost to the rear of the lot. This rear extension had three windows opening on the defendants' lot. The extension was used for religious services.

The defendants cultivated the rear of their lot, planted shrubs, and grew flowers; they took pleasure in the cultivation of their garden and sat there during the pleasant weather. They complain that persons sitting at the windows in the extension to the plaintiff's house committed acts which were offensive to ordinarily sensitive persons and constituted a nuisance. The defendants then erected on their own ground, and within five inches of the boundary line of the premises, a close board fence to the height of about seven feet in front of each window, shutting out light and air from the plaintiff's premises. The fence was not closely boarded from the ground up, but had a clear space up to the bottom of the windows, and from that point up, the structure was of close boards. The plaintiff claims that this is a " spite fence," but I am convinced that they had good cause for their complaint. A temporary injunction was granted, requiring the removal of the fence, with which the defendants complied, and they complain that the obnoxious

practices have continued. Defendants are entitled to the enjoyment of their premises, without being subjected to the nuisances of which they complain. However, they may not maintain structures which shut out the light and air from the plaintiff's premises. If the practices of which they justly complain are discontinued, and the plaintiff will cover its windows with a wire screen which can be easily removed in an emergency, the defendants will be restrained from building a structure or structures which will shut out the light and air from the plaintiff's premises. If it refuses to do this, it will be denied the relief it seeks.

Settle findings and judgment on notice.