*78 OPINION OF THE COURT

Per Curiam.

The toll for infancy prescribed in CPLR 208 does not apply to an application pursuant to CPLR 7510 to confirm an arbitration award.
The infant petitioner suffered injuries while riding on one of respondent’s buses on January 8, 1977. A guardian ad litem was thereafter appointed to institute a no-fault arbitration proceeding on behalf of the infant. An award was made in favor of the infant on May 1, 1979. For reasons which do not appear, the application made by the guardian to confirm the award was delayed until December, 1980, well beyond the one-year period prescribed in CPLR 7510.
Special Term denied the application as time-barred. The Appellate Division reversed and remitted the proceeding to Special Term for determination of the merits, holding applicable the toll for infancy of CPLR 208. We reverse and dismiss the petition.
The special provisions governing applications for confirmations of awards in arbitration are expressly prescribed in CPLR article 75. CPLR 7510 provides that the application to confirm an award must be made within one year after its delivery. CPLR 7512 authorizes the court to extend the time within which an application to confirm an award must be made in the event of the death or incompetency of a party. Conspicuously omitted is any comparable provision with respect to the infancy of a party. In this circumstance it must be concluded, the more specific provisions overriding the more general, that the general tolling provisions in the event of infancy set forth in CPLR 208 have no application. In all but perhaps the most unusual case this would not work unacceptable hardship. Inasmuch as the appointment of a guardian ad litem will be required for the institution of the arbitration proceeding, that guardian will be available and authorized to make a timely application to confirm any award which may be made in the infant’s favor.
Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the petition dismissed.
*79 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Simons concur in Per Curiam opinion; Judge Meyer taking no part.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.