■ ISSAC KILSTEIN, Appellant, v AGUDATH COUNCIL OF GREATER NEW YORK, INC., Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated October 7, 1986, which denied his application to confirm the award and granted the respondent's cross motion to dismiss the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

A party may be equitably estopped from pleading the Statute of Limitations as a defense where he has induced the petitioner by fraud, misrepresentation or deception to refrain from commencing the proceeding in timely fashion *(see, Simcuski v Saeli,* 44 NY2d 442, 448-449; *McIvor v Di Benedetto,* 121 AD2d 519, 523; *Rains v Metropolitan Transp. Auth.,* 120 AD2d 509). In this case, the petitioner alleges that the respondent willfully deceived him into not commencing this proceeding within the one-year Statute of Limitations of CPLR 7510 *(see, Teachers Assn. v Tarrytown Bd. of Educ.,* 59 AD2d 890; *Matter of Belli [Bender & Co.],* 24 AD2d 72, 73) by promising that it would comply with the arbitration panel's award once it became final and by keeping this matter before the arbitration panel by making applications for reargument. The arbitration panel was a Rabbinical court, and the petitioner claims that, as an Orthodox Jew, he could not feasibly seek secular judicial confirmation of its award while the matter was still pending before it.

We conclude, under the circumstances, that the respondent

is estopped from denying that its reargument motions tolled the one-year Statute of Limitations of CPLR 7510. Allowing the respondent to claim that its applications for reargument did not toll the limitations period because they were predicated on improper grounds would permit the respondent to benefit from its own improper applications. Accordingly, the order appealed from is reversed and the petitioner's motion is granted. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.