OPINION OF THE COURT
Richard Rivera, J.
NATURE OF THE CASE
In this small claims action, plaintiff seeks to recover utility *634 overcharges from 1981 and 1984. Con Edison acknowledges that it incorrectly billed plaintiff for this period, but it has moved to dismiss the complaint as untimely. This pro se plaintiff claims that Con Edison misrepresented to her over a period of nine years that the bills she was receiving were correct, and she argues that these misrepresentations should equitably estop Con Edison from asserting the Statute of Limitations defense. Based on the parties’ submissions, the relevant facts are as follows.
RELEVANT FACTS
Plaintiff purchased 128 Wyckoff Street in Brooklyn in 1979 (the building). She rents some of the apartments in this three-family residential multiple dwelling to residential tenants, and she has occupied the first floor apartment since April 1981.
In April 1981, plaintiff discovered that Con Edison was billing her as a commercial rather than residential customer for her first floor apartment, and she also noticed that the electric rates for the three residential units at the building differed from her own. When she complained to Con Edison that year, the utility’s representative informed her that the commercial classification was correct for her apartment because the public hallway lights were registered to her apartment’s meter.
Subsequently, in 1985 one of plaintiff’s tenants moved out, and plaintiff had to pay the outstanding electric bill for this apartment because it was in her name. Noticing that the electric bill for the vacated apartment was set at a residential rate, plaintiff once again complained about her commercial classification. A Con Edison representative again informed her that the classification was correct because the hallway lights were registered to her apartment meter.
Finally, while discussing continuing billing problems with a Con Edison representative in the fall of 1990, plaintiff was for the first time informed that the commercial classification for her apartment had been incorrect all along. Specifically, the representative informed her that Con Edison’s computer records had incorrectly listed her home as a plumbing business since at least 1981, and this was the basis for the commercial customer classification.
On or about January 18, 1991, Con Edison reimbursed plaintiff for the overcharge for the six-year period between *635 January 1985 and January 1991 with interest, but it refused to reimburse her for the overcharges made between April 1981 and December 1984. Plaintiff thereafter commenced this action in October 1991 to recover the unreimbursed overcharges.
Before trial, Con Edison moved to dismiss the action on the ground that it was brought after expiration of the six-year Statute of Limitations applicable to contract actions. Essentially, plaintiff opposes the motion on the ground that Con Edison negligently or intentionally misrepresented the reasons why she was being charged at a commercial rate, that this misrepresentation induced her not to file suit earlier, and that Con Edison should therefore be equitably estopped from raising the Statute of Limitations defense.
DISCUSSION
For purposes of Con Edison’s motion, the six-year Statute of Limitations applicable to contract actions (CPLR 213 [2]) will be applied. (Tripicco v Consolidated Edison Co., App Term, 9th & 10th Jud Dists, Feb. 19, 1986, index No. 223W.) Based on the record before the court, this limitations period has expired regarding plaintiff’s overcharge claim for the period April 1981 through December 1984.
However, plaintiff correctly points out that "a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action [citations omitted]”. (Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]; in accord, Arbutina v Kumaran Bahuleyan, 75 AD2d 84 [4th Dept 1980] [defendant doctor estopped from asserting Statute of Limitations defense where plaintiff can show that defendant unreasonably delayed in delivering and completing medical records]; Kilstein v Agudath Council, 133 AD2d 809 [2d Dept 1987] [intentional misrepresentation regarding compliance with an arbitration panel’s award estops defendant]; 1 Weinstein-KornMiller, NY Civ Frac fl 201.13.)
In order to successfully invoke the doctrine of equitable estoppel, plaintiff must demonstrate that (1) Con Edison misrepresented some important facts; (2) that she relied upon the misrepresentation; (3) that this reliance caused her to delay filing of the lawsuit within the applicable limitations period; and (4) that she thereafter commenced the action "within a reasonable time after the facts giving rise to the estoppel have *636 ceased to be operational” (e.g., within the applicable limitations period as measured from the date plaintiff discovered the misrepresentation). (Simcuski v Saeli, supra, at 449-450.)
In the instant litigation, plaintiff has satisfied these criteria. First, Con Edison factually misinformed plaintiff regarding the reason why it was billing her as a commercial customer. Although its computer records indicated that plaintiff was classified as a commercial customer because of the mistaken belief that her apartment was a commercial plumbing business, Con Edison never gave plaintiff this information; rather, it erroneously informed her that her classification was based upon the registration of the public hallway lights in her building to her apartment’s meter. Con Edison did not give plaintiff the correct explanation until the Statute of Limitations had expired (Oct. 1990). Under these facts, Con Edison’s statements to plaintiff were a critical misrepresentation.
Second, plaintiff has shown that she relied upon this misinformation, that only Con Edison had the correct information, and that she had no other way of discovering whether the information she received was incorrect.
Third, these two factors induced plaintiff not to file a lawsuit either during the initial stages of the overbilling or during the applicable Statute of Limitations.
Fourth, plaintiff acted diligently in trying to resolve her billing dispute with Con Edison and bringing this lawsuit. In particular, the record supports her contention that she inquired about the possible incorrect billing as early as 1981 and 1985 (well before the applicable Statute of Limitations had expired), that she only learned about the utility’s error in October 1990, and that she commenced this case one year later. Given her demonstrated persistence and interest in pursuing her billing claims, it appears certain that plaintiff would have pursued all available legal remedies within the applicable limitations period had Con Edison correctly informed her about the basis for her classification as a commercial customer. Con Edison’s misrepresentations prevented her from doing so.
Lastly, plaintiff was financially injured by these events. In this regard, the parties agree that Con Edison received but refuses to reimburse plaintiff for overcharges she paid between April 1981 and December 1984.
In opposition to plaintiff’s equitable estoppel claims, Con Edison relies upon Tripicco v Consolidated Edison Co. (App *637 Term, 9th & 10th Jud Dists, Feb. 19, 1986, index No. 223W) and Eichacker v New York Tel. Co. (171 Misc 847 [Mun Ct, Queens County 1939], revd on other grounds 30 NYS2d 723 [App Term, 2d Dept 1940]) in support of its motion to dismiss; however, both cases are distinguishable.
In Tripicco (supra), Con Edison discovered during a routine audit that it had overbilled a customer for 12 years by assigning an incorrect service classification to his account. After this discovery, Con Edison reimbursed the customer for the most recent six years of overbilling with interest, but the customer brought suit for the six years that were not reimbursed. Relying upon the theory that Con Edison stood in a fiduciary relationship with the customer, the trial court applied CPLR 206 (a) (1) which provides that the limitations period begins to run when the party having the right to make a demand discovers the facts on which the demand depends. The court therefore determined that the Statute of Limitations began to run when the utility informed the customer about its billing error. Under this view, the customer’s action was timely. The Appellate Term rejected this reasoning and reversed the trial in a short opinion which held that plaintiff’s claims were not timely commenced.
Here, unlike the customer in Tripicco (supra), plaintiff was alerted to a possible billing error and diligently inquired about the possible overcharge both at the inception of her occupancy in April 1981 and again in 1985, a time when the Statute of Limitations would not have barred plaintiff’s claims. Despite plaintiff’s timely inquiries, Con Edison affirmatively misinformed her about the basis for her rate classification. This misinformation was central, not tangential, to both the merits of plaintiff’s overcharge claims and her decision about when to commence this lawsuit.
In addition, while the customer in Tripicco (supra) was also the victim of misinformation, the nature of the misinformation in this case is qualitatively different. There, the customer never questioned his/her billings, and Con Edison was never alerted to its error or given the opportunity to cure it within the applicable limitations period. Here, by contrast, Con Edison compounded its rate classification error by (1) giving plaintiff admittedly wrong information, (2) after she twice alerted the company to a possible error, (3) at a time when the *638 correct information was available to Con Edison, (4) the company had exclusive control over the correct information, and (5) the Statute of Limitations had not yet expired. As a result of this misinformation, plaintiff was "steered away” from pursuing her available legal remedies. Had she known in 1981 or even 1985 that her classification was based on the mistaken belief that her apartment was the site of a plumbing business, it appears likely that, given her persistence, plaintiff would have pursued her claim within the applicable six-year period. This, and not merely the error in rate classification, is the conduct which equitably estops Con Edison from raising the Statute of Limitations defense in this case. These factors were not present in Tripicco.
Eichacker v New York Tel. Co. (171 Misc 847, revd on other grounds 30 NYS2d 723 [App Term, 2d Dept], supra) is similarly distinguishable. In that case, a doctor who used his residence as a medical office challenged the phone company’s practice of billing him as a commercial customer over the 13-year period between 1923 and 1936. Plaintiff did not file suit until January 1937. In relevant part, the phone company moved to dismiss the complaint on the grounds that it correctly billed plaintiff pursuant to the tariff established by the Public Service Commission (PSC), and that the action was untimely. The trial court held that the phone company should have billed plaintiff as a residential customer, but it limited plaintiff’s recovery to the most recent six years and barred recovery for the earlier years. On appeal, the Appellate Term held that the phone company had properly charged plaintiff at a commercial rate and reversed the trial court. It did not reach the Statute of Limitations issue.
With respect to the Statute of Limitations issue, the plaintiff in Eichacker (supra) did not allege that the phone company misled him in any way, and there was no discussion in either the trial court’s or Appellate Term’s decisions explaining why plaintiff waited 13 years to file his lawsuit. On the contrary, it appears that he knew all along that the phone company was charging him at a commercial rate. In that context, although the trial court applied a six-year Statute of Limitations to plaintiff’s claim and limited his recovery to the most recent six-year period, Eichacker did not concern the issue involved in this case, i.e., whether the utility company’s *639 conduct equitably estops it from asserting the Statute of Limitations defense. For these reasons, Eichacker is not relevant to the issues raised by plaintiff in this case.
CONCLUSION
Accordingly, Con Edison’s motion to dismiss is denied.