■ In the Matter of ISAAC SPILMAN et al., Respondents, v LIPA SPILMAN, Appellant. [710 NYS2d 86] —In a proceeding pursuant to CPLR article 75, *inter alia,* to confirm an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Huttner, J.), entered April 29, 1999, which, *inter alia,* confirmed the award.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the issue of whether there was a valid agreement to arbitrate the ownership of the family fish-store business, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

The petitioners and the appellant are brothers who became embroiled in several disputes over the distribution of the estate of their late father. The parties agreed to submit their controversy to a religious arbitration tribunal known as a Beth Din which adjudicates disputes according to Jewish law and custom. In this proceeding the petitioners seek to confirm, and the appellant seeks to vacate, the arbitration award rendered by the Beth Din. One of the issues which the Beth Din determined was the ownership of the family fish-store business.

It is well settled that a party to an arbitration award may seek to vacate all or part of the award on the ground that the arbitrator exceeded his power (*see,* CPLR 7511 [b] [1] [iii]; *Matter of Neiman v Backer,* 211 AD2d 721). Here the appellant contends that the award should be vacated because he never agreed to arbitrate the issue of who owned the fish store, and because the petitioners Chaim Spilman and Israel Spilman unilaterally amended the agreement to arbitrate to provide for the arbitration of this issue after the arbitration hearings had concluded.

On the record before us, we cannot determine whether the Beth Din panel exceeded its authority by determining ownership of the fish store, especially in light of the fact that this issue was originally excluded from the arbitration agreement, despite the appellant's objection. Accordingly, the matter is remitted to the Supreme Court for a hearing on the scope of the Beth Din's authority in this arbitration.

We pass on no other issues at this juncture. Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.