[782 NYS2d 126]

In the Matter of LINDA D. BLAKE (Admitted as LINDA RAWLING DONOGHUE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 27, 2004

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Douglas R. Dollinger*, Goshen, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was indicted in Orange County for the crime of criminal possession of a forged instrument in the second degree, in violation of Penal Law § 170.25, a class D felony, based upon a forged release absolving her of responsibility for damage to property she was holding on behalf of an elderly client residing in a group home. After a week-long trial presided over by the Honorable Stewart A. Rosenwasser, the jury found the respondent guilty on October 20, 2003. The scheduled sentencing was postponed to January 22, 2004, to permit the respondent to consult a physician about a potentially serious medical problem. On January 13, 2004, prosecutors brought new allegations informing the County Court that the respondent might be planning to flee the area. The respondent was taken into custody and bail was set at $150,000 cash or $350,000 bond, pending sentencing. Sentencing was again adjourned to allow time to evaluate the respondent's mental health.

On February 27, 2004, the respondent was sentenced to six months in the Orange County Jail, with credit for time served, five years probation, mandatory surcharges, and a victim's assistance fee. By decision and order on motion of this Court dated March 9, 2004, execution of the judgment was stayed.

An order staying execution of the judgment of conviction pending appeal does not alter the fact that the respondent was convicted after a jury trial of criminal possession of a forged instrument in the second degree, a class D felony, which resulted in her automatic disbarment by operation of law, pursuant to Judiciary Law § 90 (4) (b).

Accordingly, the petitioner's motion is granted to the extent of striking the respondent's name from the roll of attorneys and counselors-at-law, and the respondent's cross motion for a stay is denied. In view of the actions taken by the respondent and her attorney to protect the rights of former clients, that branch of the petitioner's motion which was to appoint an attorney to inventory her files is denied.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and RIVERA, JJ., concur.

Ordered that the motion is granted to the extent that pursuant to Judiciary Law § 90, effective immediately, the respondent, Linda D. Blake, admitted as Linda Rawling Donoghue, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the branch of the petitioner's motion which was to appoint an attorney to inventory the respondent's files is denied; and it is further,

Ordered that the respondent's cross motion to stay the striking of her name from the roll of attorneys and counselors-at-law pending her appeal from the judgment of conviction is denied; and it is further,

Ordered that the respondent Linda D. Blake, admitted as Linda Rawling Donoghue, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Linda D. Blake, admitted as Linda Rawling Donoghue, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,.

Ordered that if the respondent, Linda D. Blake, admitted as Linda Rawling Donoghue, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).