| |
|---|
| **Gold v Freeway Carriers Inc.** |
| 2024 NY Slip Op 32551(U) |
| July 23, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526762/2023 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
------------------------------------------------x
MOSHE MENACHEM GOLD,

                                    Petitioner,

For an Order Pursuant to Article 75                  Decision and order
of the CPLR Confirming an Arbitration Award


                    -against-

                                                Index No. 526762/2023

FREEWAY CARRIERS INC., CHAIM ELIYAHU
POSNER, and JUDITH POSNER,
                              Respondents,        July 23, 2024
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                    Motion Seq. #1 & #2


        The petitioner has moved pursuant to CPLR §7510 seeking to

confirm an arbitration award.  The respondents have cross-moved

seeking to dismiss the petition.  The motions have been opposed

respectively.  Papers were submitted by the parties and arguments

held.  After reviewing all the arguments this court now makes the

following determination.

        According to the petition, on June 3, 2022 an arbitration

panel issued a decision finding that the respondents owed the

petitioner $153,000 and required monthly payments of $3,500

commencing April 2023.  The petitioner now moves seeking to

confirm the award.  The respondents oppose the motion and have

cross-moved seeking to dismiss the petition on the grounds the

motion to confirm the award has not been filed within one year of

delivery of the award pursuant to CPLR §7510.  The respondents

[*1]

also seek to dismiss the petition on the grounds the translation of the arbitration award, originally rendered in Hebrew does not contain an affidavit of a translator. As noted the motions are opposed.

## Conclusions of Law

"It is firmly established that the public policy of New York State favors and encourages arbitration and alternative dispute resolutions" (Westinghouse Elec. Corp. v. New York City Tr. Auth., 82 NY2d 47, 603 NYS2d 404 [1993], citing, Nationwide Gen. Ins. Co. v. Investors Ins. Co. of Am., 37 NY2d 91 [1975]). CPLR Article 75 establishes mechanisms for court confirmation, vacatur, modification, and enforcement of arbitration awards. The Article states that a "court shall confirm an award upon application of a party...unless the award is vacated or modified upon a ground specified in section 7511"(CPLR §7510). Where no such grounds exist, a "judgment shall be entered upon the confirmation of an award" (CPLR §7514[a]).

As particularly relevant here, it is well established that an agreement to proceed before a Beth Din is treated as an agreement to arbitrate (see, Spilman v. Spilman, 273 AD2d 316, 710 NYS2d 86 [2d Dept., 2000], Weisenberg v. Sass, 209 AD2d 424, 619 NYS2d 597 [2d Dept., 1994]). Therefore, arbitration

2

agreements giving a religious tribunal power to resolve disputes over disposition of partnership assets either by judgment or by settlement according to Jewish law gives a tribunal broad authority in settling such disputes (Meisels v. Uhr, 79 NY2d 526, 583 NYS2d 951 [1992]).

First, although the petition states the award was rendered on June 3, 2022 the translation, even if improperly verified states the award was rendered on March 6, 2022. Indeed, the Hebrew version of the award, in the language which corresponds to the date of the award, contains a notation that states "3-6-22" (see, Arbitration Award (NYSCEF Doc. 2]). In any event this discrepancy is not relevant to the court's analysis.

CPLR §7510 states that "the court shall confirm an award upon application of a party made within one year after its delivery to them" (id). If a proceeding to confirm an award is not made within one year of delivery of the award then the proceeding is time barred (Salamon v. Friedman, 11 AD3d 700, 783 NYS2d 651 [2d Dept., 2004]). In Belli v. Matthew Bender & Co., 24 AD2d 72, 263 NYS2d 846 1st Dept., 1965] the court explained that CPLR §7510 is a statute of limitations. Moreover, the court referenced CPLR §215(5) which states that "an action upon an arbitration award" maintains a one year statute of limitations. Although infancy generally tolls statutes of limitations (CPLR

3

§208) there is no such toll available to extend the one year statute confirming arbitrations awards in cases of infancy. In Elliot v. Green Bus Lines Inc., 58 NY2d 76, 459 NYS2d 419 [1983] the court explained that "CPLR 7512 authorizes the court to extend the time within which an application to confirm an award must be made in the event of the death or incompetency of a party. Conspicuously omitted is any comparable provision with respect to the infancy of a party. In this circumstance it must be concluded, the more specific provisions overriding the more general, that the general tolling provisions in the event of infancy set forth in CPLR 208 have no application" (id). However, that conclusion does not in any way challenge the notion that in fact the one year window in which to confirm an arbitration award is treated as a statute of limitations. Furthermore, there is no evidence the respondent fraudulently induced the petitioner not to move seeking to confirm the arbitration award (cf., Kilstein v. Agudath Council of Greater New York, Inc., 133 AD2d 809, 520 NYS2d 189 [2d Dept., 1987]).

Thus, there is no basis upon which to extend the one year confirmation deadline simply because the respondent had made monthly payments pursuant to the arbitration ruling. Indeed, the practice commentaries to CPLR §7510 state that "although a successful party whose arbitration award has been quickly and

4

completely satisfied by the losing party may feel little incentive to convert the award into a judgment, such conversion will help ensure the applicability of res judicata and collateral estoppel in subsequent judicial proceedings" (see, Practice Commentaries, CPLR §7510). Further, Siegel's notes that "the winner of the award who gets complete satisfaction from the loser voluntarily may find scant incentive for bothering with the further step of "confirming" it, which means getting a formal court judgment entered on it. But the CPLR provides for such a conversion, and it is perhaps best that the winner make it a habit to get the award confirmed into a judgment. The winner has been held entitled to the confirmation even if the amount of the award has already been paid" (see, Siegel's New York Practice, §601: Confirmation of Award [2024]).

Therefore, the petitioner has failed to confirm the award within one year of its delivery. The petitioner has failed to present any basis why the one year should be tolled. Consequently, the motion seeking to confirm the award is denied and the cross-motion seeking to dismiss the petition is granted.

So ordered.

ENTER:

DATED: July 23, 2024
      Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC

5

[* 5]