OPINION OF THE COURT
Theodore Diamond, J.
This replaces my prior order of February 14, 1983.
Defendant does not want to repay his student loan. He does not deny borrowing the $3,000 in 1969, 1970 and 1971. He does not deny owing the money, or suggest he owes less than the amount claimed. He doesn’t even say he is unable to pay it; but he is trying to escape his obligation.
The action is by New York State Higher Education Services Corporation (NYSHESC) for its April 4, 1974 payment, because of defendant’s default, on his student loan to National Bank of Geneva. Defendant moves to dismiss, pointing out that NYSHESC paid the loan more than six years before starting this action against him, citing the Statute of Limitations, CPLR 213.
NYSHESC, created in 1974 to overcome enormous failures in processing and collecting student loans, presently administers a dozen Federal and State educational grant and loan programs. Less than 1% of its budget is used to collect on defaulted amounts. Some people use the Statute of Limitations; or allege improper service to vacate a prior *1002 judgment, and then use the Statute of Limitations. Another gimmick is to declare bankruptcy, but (only part of) that loophole was closed by section 523 (subd [a], par [8]) of the Bankruptcy Reform Act of 1978 (US Code, tit 11, § 523, Pub L No. 95-598).
Congress might well close the remaining bankruptcy exemptions, by amendments to totally except all student loans from discharge, and to specifically re-establish all student loan debts previously discharged by Bankruptcy Judges. Similarly, the State Legislature should amend the CPLR to ensure that none of its provisions can be used to allow a student loan borrower to avoid payment; and this change should be retroactive to 1960. Of course, any borrower should be able to litigate the amount in question — if he claims that a lesser amount was borrowed, or more repaid.
Such legislative solutions are not required here. Defendant made a $100 payment on the debt, by check dated March 26, 1982, with a reference on the front of the check to his student loan. He sent it with a letter, of March 26, 1982, which indicated a clear intention and willingness to make payments “until such time as my account with NYSHESC shall be settled”. Thus, there is a written promise to pay, and a partial payment, both specifically referable to the entire loan outstanding. These two documents comply with both common-law and section 17-101 of the General Obligations Law exceptions to the Statute of Limitations.
If defendant’s debts were forgiven in 1980 (six years after default and payment), and these were clearly not gifts by NYSHESC, it is possible that he should have included these amounts as “income” on his 1980 tax returns (US Code, tit 26, § 61, subd [a], par [12]; § 108).
In its affirmation in opposition to the motion, NYSHESC requests summary judgment. While there is good evidence on the point in defendant’s motion papers, a fuller affidavit is required from NYSHESC, with better copies of the loan documents. Plaintiff may make such a motion, on proper papers.
Defendant’s motion to dismiss is denied, with $10 costs.