OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The loan contract having been made by defendant in New York while a resident of New York, jurisdiction over him was obtainable by service outside the State and plaintiff had knowledge of his address well before the Statute of Limitations ran. Although the Congress has seen fit to limit the right of a student borrower to a discharge in bankruptcy (US Code, tit 11, § 523, subd [a], par [8]; see State of New York v Wilkes, 41 NY2d 655), neither the Congress nor our State Legislature has excluded student loan contracts from the ambit of the six-year period of limitations applicable to contracts (CPLR 213).
The contract provision requiring that defendant report annually to the lending institution to renew or extend his obligation does not help plaintiff because it too was breached more than six years ago. Furthermore, there *935 being neither an act of defendant misleading plaintiff nor reliance by plaintiff, the provision of section 17-103 (subd 4, par b [recognizing estoppel to plead limitations]) of the General Obligations Law does not help plaintiff.
Finally, the suggestion that the total number (168,892) and amount ($343,135,032) of defaulted student loans is a reason for treating such loans differently than other contracts is more properly addressed to the Legislature.