■ MARY RACHLIN, Respondent, v MIRIAM DE L. ORTIZ, Also Known as MIRIAM DE LAPAZ, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Sacks, J.), dated February 3, 1986, which denied her motion to dismiss the complaint as time barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff did not present any evidence that the defendant could not be located prior to the expiration of the Statute of Limitations because of a change in her name and/or a change in her address *(see, Doyon v Bascom,* 38 AD2d 645, 645-646; *Feinstein v Bergner,* 48 NY2d 234, 241-242; *cf., Thomas v Sousa,* 51 AD2d 1028, 1029, *lv dismissed* 40 NY2d 806, 989). Further, we note that "the availability of statutory methods of acquiring personal jurisdiction other than by personal delivery within the State makes inapplicable the tolling provisions of CPLR 207" *(see, Yarusso v Arbotowicz,* 41 NY2d 516, 519; *see also, Dobkin v Chapman,* 21 NY2d 490). Therefore, since the plaintiff conceded that the Statute of Limitations had expired and failed to show that the period of limitation was tolled, the defendant's motion to dismiss the complaint as time barred should have been granted. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.