■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v SUSAN LANGUS, Appellant.—Weiss, J.

As the result of defendant's default in payment of her promissory note for a student loan, plaintiff, as guarantor, paid the full balance of $2,802.65 to the lending bank on January 2, 1975. Defendant has resided in the Boston, Massachusetts, area since September 1973. In August 1975, defendant notified plaintiff that she could not make payments until she secured employment. In October 1975, defendant proposed a partial payment schedule and also advised plaintiff of a change in her address. Her sporadic payments to plaintiff ended in May 1976.

This action was commenced by personal service of a summons and complaint on defendant in Massachusetts on April 25, 1986. Supreme Court denied defendant's initial motion to dismiss the complaint as time barred and ordered defendant to respond to interrogatories. The court denied defendant's subsequent motion to dismiss, and, instead granted plaintiff's cross motion for summary judgment. Supreme Court reasoned that since defendant failed to keep plaintiff apprised of her various address changes, plaintiff was not able to apply for alternative means of service and, therefore, the CPLR 207 toll applied while defendant resided without the State. Supreme Court further held that it would be inequitable to permit the defense of untimeliness *(see,* General Obligations Law § 17-103 [4] [b]). Defendant has appealed.

We reverse. Plaintiff's cause of action for reimbursement accrued on January 2, 1975 when, as guarantor, it paid the debt due the lender *(see, State of New York Higher Educ. Servs. Corp. v Cadley,* 103 AD2d 908). Since plaintiff commenced this action well beyond the applicable six-year Statute

of Limitations (CPLR 213 [2]), the issue becomes whether this limitations period was tolled due to defendant's absence from the State. Plaintiff relies on the tolling provisions of CPLR 207 to establish the timeliness of its claim. This tolling provision, however, does not pertain "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state" (CPLR 207 [3]). Here, since the loan contract was made in New York, plaintiff had an alternative vehicle for obtaining jurisdiction by service outside the State (see, CPLR 302 [a] [1]; 313; *State of New York Higher Educ. Servs. Corp. v Zamore,* 59 NY2d 933, 934). Thus, the statutory toll was not available to salvage plaintiff's action.

Moreover, the fact that plaintiff had difficulty locating defendant's correct address does not compel a contrary result (see, *Yarusso v Arbotowicz,* 41 NY2d 516, 518-519; *see also, Schmidt v Polish People's Republic,* 742 F2d 67, 71)*, particularly since the record indicates plaintiff knew that defendant was living in the Boston area and defendant was annually listed in the Boston telephone directory. We further recognize that defendant corresponded with plaintiff in August and October 1975, and made a partial loan payment in May 1976, but these facts did not vitiate defendant's Statute of Limitations defense (see, General Obligations Law § 17-101; *Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 520-521; *compare, New York State Higher Educ. Servs. Corp. v O'Donnell,* 119 Misc 2d 1001, 1002).

Finally, there is insufficient proof that defendant either misled or induced plaintiff to withhold action so as to trigger General Obligations Law § 17-103 (4) (b), which would estop defendant's assertion of the Statute of Limitations defense (see, *State of New York Higher Educ. Servs. Corp. v Zamore,* 59 NY2d 933, 934-935, *supra).* Accordingly, plaintiff's claim must be dismissed as untimely. In reaching this conclusion, we reiterate the Court of Appeals observation in *Zamore* that the continuing dilemma of student loan defaults is a matter more properly addressed to the Legislature, which has the power to revive a claim presently barred by the Statute of Limitations (*supra,* at 935).

Order reversed, on the law, without costs, motion granted

---

* We note that 8 NYCRR 2104.5, which now requires that a borrower notify the holder of a higher education loan of any change in address, became effective April 12, 1977 and thus does not apply here (see, *State of New York Higher Educ. Servs. Corp. v Zamore,* 90 AD2d 664, 665, *affd* 59 NY2d 933).

and complaint dismissed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.