■ BAY TERRACE COOPERATIVE SECTION XII, INC., et al., Respondents, v WILBURT HORNSTEIN et al., Defendants, and PHILIP KALISH et al., Appellants.—In an action, inter alia, to recover damages for breach of contract, the defendants Philip Kalish and Martin Marin appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated August 25, 1987, as denied that branch of their motion which was to dismiss the cause of action sounding in breach of contract insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the cause of action sounding in breach of contract insofar as it is asserted against the appellants is granted, and the action against the remaining defendants is severed.

We find that the Supreme Court, Queens County, erred in determining that a prior order dated July 2, 1985 (Goldstein, J.), held that personal jurisdiction had been obtained over the defendants Philip Kalish and Martin Marin. That order merely determined that the complaint made out a cause of action against those defendants sounding in breach of contract. Therefore, the applicable Statute of Limitations was six years (see, CPLR 213 [2]), rather than the three-year period of limitations applicable to causes of action sounding in accountant malpractice (see, CPLR 214 [6]).

The order dated July 2, 1985, specifically provided that the appellants were to furnish the plaintiff Bay Terrace Cooperative Section XII, Inc. (hereinafter Bay Terrace) with their addresses within five days after service upon them of a copy of the order with notice of entry. That provision of the order dated July 2, 1985, clearly indicated that jurisdiction had not yet been obtained over them and was for the purpose of enabling the plaintiffs to effect service of process. Since service was not effected thereafter, the appellants are entitled to dismissal of the complaint insofar as it is asserted as against them based upon the expiration of the Statute of Limitations (see, CPLR 213 [2]).

The contention that the appellants are estopped from asserting the Statute of Limitations based upon their failure to provide their addresses as required, is without merit. The prior order dated July 2, 1985, directed Bay Terrace to serve a copy of the order upon them as a condition precedent to the obligation to furnish their home addresses. The plaintiffs failed to prove that the order was ever served on the appellants or on their attorney. Therefore, the action must be dismissed against the appellants as time barred (see, Rachlin v Ortiz, 133 AD2d 76; Doyon v Bascom, 38 AD2d 645). Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.