■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v NANCY A. MCGARRY, Now Known as NANCY DAURIA, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered October 25, 1988 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment.

Defendant applied for and received student loans, executing a promissory note therefor in the amount of $2,673 on August 13, 1973. As the result of defendant's default, plaintiff, as guarantor, paid the full balance to the lending bank on January 24, 1974. Subsequently, defendant made sporadic payments to plaintiff which ended February 23, 1976. The August 1973 note was executed by defendant in the name of Nancy McGarry, her married name at that time. Thereafter, defendant began using her maiden name, Nancy Mahoney, pursuant to an April 16, 1981 judgment of divorce and then the name Nancy Dauria, following her remarriage on June 27, 1981. This action was commenced by personal service of a summons with notice on March 8, 1984. After issue was joined, defendant moved to dismiss the complaint upon the ground that the action was barred by the Statute of Limitations. Plaintiff cross-moved for summary judgment. Supreme Court, reasoning that CPLR 207 tolled the Statute of Limitations since defendant failed to notify plaintiff of her change of name, granted the cross motion. Defendant appeals.

There must be a reversal. We immediately dispose of plaintiff's preliminary argument that 8 NYCRR 2104.5 required defendant to notify plaintiff of changes of address. The regula-

tion became effective April 12, 1977 and thus does not apply here *(see, State of New York Higher Educ. Servs. Corp. v Langus,* 140 AD2d 792, 793, n). We turn then to the main question presented by this appeal, whether the limitations period was tolled by defendant's presence within the State under a false name unknown to plaintiff. We answer the question in the negative and conclude that the cause of action is time barred. In so ruling, we deem plaintiff's failure to present any evidence that defendant "could not be located prior to the expiration of the Statute of Limitations because of a change in her name and/or a change in her address" *(Rachlin v Ortiz,* 133 AD2d 76) to be fatal to its claim that the statute was tolled *(supra; see, Doyon v Bascum,* 38 AD2d 645, 645-646; *cf., Thomas v Sousa,* 51 AD2d 1028, 1029, *lv dismissed* 40 NY2d 806, 989). Moreover, plaintiff failed to move for an order directing an appropriate manner of service pursuant to CPLR 308 (5) *(see, Dobkin v Chapman,* 21 NY2d 490) and, accordingly, cannot rely upon the tolling provisions of CPLR 207 *(see, State of New York Higher Educ. Servs. Corp. v Zamore,* 90 AD2d 664, 665, *affd* 59 NY2d 933; *see also, Yarusso v Arbotowicz,* 41 NY2d 516, 521).

In any event, we find little merit in plaintiff's contention that defendant resided within the State under a false name. Under the circumstances present here, defendant's use of the surnames Mahoney and Dauria was entirely appropriate *(see,* Domestic Relations Law § 240-a; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 240-a, at 726-729) and therefore not "false" *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94; *cf., Thomas v Sousa, supra,* at 1029). Finally, we restate our position that the continuing problem of student loan defaults is a concern more properly addressed to the Legislature *(see, State of New York Higher Educ. Servs. Corp. v Langus,* 140 AD2d 792, 793, *supra)* and once again reiterate the observation of the Court of Appeals that the Legislature has the power to revive claims presently barred by limitations *(State of New York Higher Educ. Servs. Corp. v Zamore,* 59 NY2d 933, 935, *supra).*

Judgment reversed, on the law, without costs, cross motion denied, motion granted and complaint dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.