■ In the Matter of BOARD OF MANAGERS OF THE DIPLOMAT CONDOMINIUM et al., Respondents, v GUS BEVONA, Appellant. In the Matter of 210 EAST 47TH STREET ASSOCIATES, Respondent, v GUS BEVONA, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (William P. McCooe, J.), entered on March 6, 1989, which granted petitioners' applications for a permanent stay of arbitration pursuant to CPLR 7503 (b), is unanimously affirmed, without costs or disbursements.

Antonio Williams, member of Local 32B-32J, Service Employees International Union, AFL-CIO, was fired from his job

as doorman of 210 East 47th Street on January 4, 1985. At that time, the owner of the premises was 210 East 47th Street Associates, and the managing agent was Vickers Management, Inc. The union and the owner had entered into a collective bargaining agreement, "1982 Apartment House Agreement", on or about May 18, 1984, which was executed by the owner as follows: "210 East 47th Street Assoc. c/o Vickers Management Inc.". Upon Williams' discharge, the union timely and duly filed and served a notice of intention to arbitrate on the necessary parties. However, the union listed Vickers Management, Inc. as Antonio Williams' employer. Vickers Management failed to appear at either of two arbitration hearings despite being notified. Consequently, the union was issued a default award against Vickers Management on or about February 13, 1986, which directed the reinstatement of Williams with back pay. It was, additionally, provided that the employer could seek to reopen the matter within 15 days upon submission of an acceptable excuse for the failure to appear. Although the employer did not move to reopen, the union did not endeavor to confirm the award. Instead, by notice of intention to arbitrate, dated November 18, 1988, the union attempted to resubmit the same grievance to arbitration, this time listing 210 East 47th Street Associates as Williams' employer. Since the premises were undergoing condominium conversion, the board of managers of the condominium and various managing agents were captioned in the matter as well. The union apparently chose to resubmit the matter after it belatedly discovered that Vickers Management, Inc. was not a signatory to the collective bargaining agreement and concluded that the first arbitration award against Vickers Management was a nullity.

The union offers no excuse for its failure to take action to confirm, vacate or modify the award within the time prescribed by CPLR 7510 and 7511. Nor does the union explain the three-year delay in filing a second notice of intention to arbitrate. The agreement in question cites the "employer" as being "210 East 47th Street Assoc. c/o Vickers Management Inc.". Thus the union should have named 210 East 47th Street Associates as employer or, if there was a question, should have included both Vickers Management and 210 East 47th Street Associates in the arbitration. Yet, the union relies on the proposition that where the limitation of time within which to commence an arbitration arises from the contract, the arbitrator is presented with an issue of procedural arbitrability and that CPLR 7503 is, therefore, inapplicable (see, Matter

*of City School Dist. [Poughkeepsie Pub. School Teachers Assn.],* 35 NY2d 599, 607). However, the situation is otherwise where an arbitration proceeding has already occurred, since the matter now involves the resubmission of issues which have already been determined and, in effect, requires the modification of a prior award.

This court cannot ignore the prior arbitration as the union urges. The issue of whether or not the prior award was viable should have been litigated on a timely motion to confirm or modify that award. The time within which to move for confirmation, vacatur or modification of an award is statutorily prescribed in the CPLR and, accordingly, the question of whether or not an application for relief is timely is one for the courts to decide. It is clear that the union did not timely move with respect to the original 1986 award. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.