■ New York State Higher Education Services Corporation, Respondent, v Michael Bandler, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered June 1, 1989 in Albany County, which granted plaintiff's motion for summary judgment.

Defendant defaulted on student loans guaranteed by plaintiff, which paid the balance to the lending bank in 1974. Plaintiff commenced this action to recover the balance plus interest in 1985. Defendant's answer included an affirmative defense of the Statute of Limitations. Plaintiff moved for summary judgment. Supreme Court granted summary judgment to plaintiff, concluding that the Statute of Limitations was tolled. Defendant appeals.

We reverse. There is no dispute that this action was commenced more than six years after plaintiff's cause of action

accrued *(see,* CPLR 213 [2]). We therefore must determine whether the limitations period was tolled, which occurs if a defendant is outside New York at the accrual of a cause of action *(see,* CPLR 207). Plaintiff points out that by virtue of a prior preclusion order, all issues concerning defendant's address, domicile, dwelling place, residency and driving records have been resolved in favor of plaintiff. Thus, plaintiff contends that the limitations period was tolled and CPLR 207 (3), which prohibits tolling if personal jurisdiction can be obtained while the defendant is outside New York, is not applicable. It is up to a plaintiff, however, to prove that the Statute of Limitations was tolled by a defendant's absence from the State *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C207:1, at 367). This requires a showing that there was no statutory authority for obtaining jurisdiction over the defendant and not merely that the defendant could not be located *(see, Yarusso v Arbotowicz,* 41 NY2d 516).

In this case there does not seem to be any serious dispute that defendant was outside New York during the relevant time period, otherwise the applicability of tolling under CPLR 207 would not even be at issue. Since defendant was subject to jurisdiction under CPLR 302 (a) (1) and could have been served under CPLR 308 (5) or CPLR 313 *(see, State of N. Y. Higher Educ. Servs. Corp. v McGarry,* 151 AD2d 819, 820; *State of N. Y. Higher Educ. Servs. Corp. v Langus,* 140 AD2d 792, 793), we conclude that plaintiff has not satisfied its burden of establishing that the limitations period was tolled. Accordingly, the action is time barred, summary judgment to plaintiff should have been denied and, upon searching the record *(see,* CPLR 3212 [b]), summary judgment dismissing the complaint is awarded to defendant.

Order reversed, on the law, with costs, motion denied, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.