■ DEAN MOJICA, Respondent, v THE PALLADIUM, Also Known as THE PALLADIUM, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Phyl-

lis Gangel-Jacob, J.), entered April 16, 1991, denying the motion of defendant Muidallap Corporation, doing business as The Palladium to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing and severing the complaint as to it.

Plaintiff seeks to recover damages for injuries allegedly sustained on January 10, 1987 as a result of the acts of certain individuals who were employees of the defendant corporations acting within the scope of their employment. The applicable statute of limitations is three years. The summons and complaint were served on defendant Muidallap Corporation, through the Secretary of State, on May 22, 1990, more than three years and four months after the date of the incident. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5). Plaintiff's counsel submitted an affidavit alleging that on or about November 1, 1989 he contacted the offices of The Palladium to determine the address of the office where service of process could be made or, alternatively, the true corporate name of the corporate owner in order to effect service on the Secretary of State. According to counsel, he was told that the true corporate name is Palladium, Inc. On December 12, 1989, counsel filed a summons and complaint with the sheriff of Albany County, directing that service be made on the Secretary of State. The sheriff returned the summons and complaint on January 5, 1990 with a notification from the Secretary of State that "Palladium, Inc." was not registered as a corporate name. Counsel then began a search of public records to ascertain the true corporate name. Eventually, counsel identified defendant Muidallap Corporation as the corporate owner. Service was then made on the Secretary of State on May 22, 1990 pursuant to Business Corporation Law § 306.

The IAS Court denied the motion, accepting plaintiff's argument that the statute of limitations was tolled under CPLR 207 because a corporate employee of defendant deliberately misled plaintiff by providing an incorrect corporate name. We reverse.

CPLR 207 provides a toll of the statute of limitations while a defendant is absent from the State or resides within the State under a "false name which is unknown" to the plaintiff. Moreover, the toll "is made inapplicable 'while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state'

([CPLR 207] subd 3)." *(Yarusso v Arbotowicz,* 41 NY2d 516, 518.) In any event, plaintiff's counsel merely asserts, without substantiation, that he contacted the office of The Palladium one day in November 1989 and was told that the corporate name was "Palladium, Inc." Even if we were to accept plaintiff's assertion that defendant provided "misleading" information, that is not the standard to be applied in determining whether the tolling provision is triggered. There has been no showing that Muidallap Corporation, doing business as The Palladium was residing within the State under a "false name which [was] unknown" to plaintiff.

Moreover, once counsel learned from the sheriff that no such corporate name existed, he apparently made no attempt, pursuant to CPLR 311, to serve an appropriate corporate official, even though the location of The Palladium nightclub was well known. Moreover, even if personal delivery of the summons was not possible, plaintiff has failed to show why he could not effect service by another method so as to avoid CPLR 207's exception to the toll under subdivision (3). He does not explain why he did not contact the Secretary of State to ascertain the corporate name of the entity known as The Palladium or why it took him over four months to identify the corporate owner. Thus, plaintiff has failed to establish that there was no method available for locating defendant prior to the expiration of the statute of limitations. *(See, Rachlin v Ortiz,* 133 AD2d 76.) Concur—Sullivan, J. P., Carro, Wallach, Kassal and Rubin, JJ.