■ RONALD M. WEIMER, Appellant, v STEVEN W. LAKE, Respondent. [702 NYS2d 155] —Cardona, P. J. Appeal from an order of the Supreme Court (Best, J.), entered December 23, 1998 in Fulton County, which granted defendant's motion to dismiss the complaint as time barred.

Following a routine traffic stop on March 3, 1994, plaintiff was detained by defendant, a police officer at the time for the City of Johnstown in Fulton County, culminating in criminal charges being filed against him. Plaintiff claims that, as a result of an altercation, defendant became physically and verbally abusive. Thereafter, plaintiff commenced an action against defendant and the City by filing a summons with notice with the Fulton County Clerk on January 22, 1996. The complaint, which alleged causes of action for a violation of 42 USC § 1983 as well as provisions of the NY and US Constitutions, was dismissed against defendant on December 27, 1996 due to plaintiff's failure to serve the complaint within 120 days of filing the summons with notice. Notably, plaintiff never took an appeal from that order.

Thereafter, on March 13, 1997, plaintiff commenced this action against defendant by filing a summons with notice with the Fulton County Clerk. On March 27, 1997, service was effected upon defendant at his residence in Arizona. In May 1997, plaintiff served his complaint alleging the same causes of action contained in the original complaint as well as claims for assault, battery and false imprisonment. Following service of an answer, defendant moved to dismiss the complaint on the ground that all of the claims were time barred. Upon finding that CPLR 207 did not toll the applicable Statutes of Limitation, Supreme Court granted defendant's motion and this appeal ensued.

We affirm. With regard to the timeliness of the action, the only argument plaintiff raises on appeal is that the Statute of Limitations is tolled by CPLR 207. That statute provides, in pertinent part, that "[i]f, after a cause of action has accrued against a person, that person departs from the state and remains continuously absent therefrom for four months or more * * * the time of his absence * * * is not a part of the time within which the action must be commenced" (CPLR 207). The statute further states, however, that the tolling provision shall not apply "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to the defendant within the state" (CPLR 207 [3]). The burden is

on the plaintiff to demonstrate that the Statute of Limitations is tolled by the defendant's absence from the State (*see, New York State Higher Educ. Servs. Corp. v Bandler*, 168 AD2d 752, 753). "This requires a showing that there was no statutory authority for obtaining jurisdiction over the defendant and not merely that the defendant could not be located" (*id.*, at 753). Thus, where jurisdiction may be obtained over an out-of-State defendant through use of the long-arm statute (*see*, CPLR 302), the tolling provisions of CPLR 207 are deemed inapplicable (*see, Yarusso v Arbotowicz*, 41 NY2d 516, 518; *New York State Higher Educ. Servs. Corp. v Bandler, supra*, at 753; *New York State Higher Educ. Servs. Corp. v Langus*, 140 AD2d 792, 793).

In the case at hand, the events giving rise to plaintiff's claims center upon allegedly tortious conduct committed by defendant in New York on March 3, 1994. Such conduct provides a basis for acquiring long-arm jurisdiction over defendant in Arizona (*see*, CPLR 302 [a] [2]) and service could have been effected upon him there through any of the modes permitted in this State (*see*, CPLR 313, 308). Therefore, the tolling provisions of CPLR 207 are not applicable. Plaintiff's reliance upon *Childs v Brandon* (60 NY2d 927) does not support a contrary conclusion inasmuch as it is factually distinguishable from the case at bar.

In light of the above, measured from March 3, 1994, plaintiff's claims for the intentional torts of assault, battery and false imprisonment are barred by the one-year Statute of Limitations (*see, Bardi v Warren County Sheriff's Dept.*, 260 AD2d 763, 764; *see also*, CPLR 215) and those for alleged constitutional deprivations and violation of 42 USC § 1983 are barred by the three-year Statute of Limitations (*see, Brown v State of New York*, 250 AD2d 314, 318; *see also*, CPLR 214 [5]). We have considered plaintiff's remaining contentions and find them unavailing.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.