(June 7, 2001)

■ Gus Bevona, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Appellant, v Command Security Services, Respondent. [726 NYS2d 633] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), entered January 9, 2001, denying the petition to confirm a June 30, 1997 arbitration award and dismissing the proceeding, unanimously reversed, on the law, without costs, and the arbitration award reinstated and confirmed only with respect to the order for reinstatement, the lump-sum payment of $17,462.44 and the continuing payments of $545.20 per week from June 30, 1997 until reinstatement.

In April 1996, petitioner won an arbitration award of back pay and reinstatement for respondent's improper discharge of its employee, Parsotan Nohar. The matter was reopened at respondent's request, and a new hearing on the merits resulted, in October 1996, in a $6,000 award and more specific instructions on reinstatement. Petitioner failed to move to confirm either of these awards. Respondent failed to make the payment or to reinstate the employee, save for a single night of work in November 1996. Petitioner thereupon sought a new arbitration

hearing, which was held in June 1997, resulting in a reaffirmation of the prior $6,000 award, plus a supplemental award of $17,462.44 for the period since November 1996, plus $545.20 per week until reinstatement. The instant proceeding to confirm this latest award was commenced by notice of petition in May 1998. The IAS court denied petitioner's application, holding the 1996 portion of the award barred by the Statute of Limitations, and the 1997 portion precluded by the doctrine of res judicata.

An application to confirm an arbitration award must be addressed to the court within one year of the award, unless the award has been modified within that period (CPLR 7510). An application for such modification must be made within 90 days of the award (CPLR 7511). The 1997 arbitration hearing was grounded on a new event in November 1996, and was not merely a revisitation of a static 1996 award. (*Cf.*, *Motor Vehicle Acc. Indem. Corp. v Travelers Ins. Co.*, 246 AD2d 420; *Casey v Country-Wide Ins. Co.*, 240 AD2d 232; *see also*, *Matter of Board of Mgrs. of Diplomat Condominium v Bevona*, 160 AD2d 645 [where the grievant sought to revitalize a stale award by recommencement with the naming of a successor employer in the caption].) That new event was the discharge of the employee after his return for only one night of work in November 1996. The challenge to that event, resulting in a $17,462.44 lump-sum award plus $545.20 per week from June 30, 1997 until reinstatement, was timely commenced. Any res judicata effect of the earlier arbitration ruling on that subsequent hearing was a matter for determination by the arbitrator in the latter proceeding (*Matter of City School Dist. v Tonawanda Educ. Assn.*, 63 NY2d 846, 848; *Matter of Port Auth. v Port Auth. Police Sergeants Benevolent Assn.*, 225 AD2d 503).

However, petitioner's failure to obtain judicial confirmation of the $6,000 award from the 1996 arbitration in a timely fashion cannot be cured by resort to successive arbitration. It is not the function of arbitration to resolve disputes that have already been finally determined, even where the latest dispute might stem from difficulty in implementing that award or the need to compute back pay (*Matter of Forhill Gardens [Bevona]*, 225 AD2d 331). The $6,000 award was stale, and not subject to resurrection by the arbitrator's "reaffirmation." Accordingly, that aspect of the latest award should not be confirmed. Concur—Sullivan, P. J., Williams, Mazzarelli and Wallach, JJ.