■ In the Matter of ABRAO SALAMON et al., Respondents, v AARON FRIEDMAN, Appellant. [783 NYS2d 651]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Aaron Friedman appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), entered January 6, 2004, which, upon an order of the same court dated November 5, 2003, granting the petition, is in favor of the petitioners and against him in the sum of $180,000 and directed him to convey title to certain real property to the petitioners.

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the petition is denied, and the proceeding is dismissed.

CPLR 7510 requires that a proceeding to confirm an arbitration award be brought within one year after its delivery to the applying party (*see* CPLR 7510; *Elliot v Green Bus Lines,* 58 NY2d 76, 78 [1983]; *Matter of Cantor v Langer,* 210 AD2d 325 [1994]; *Matter of Sassower v Greenspan, Kanarek, Jaffe & Funk,* 121 AD2d 549 [1986]). Here, the award was delivered to the petitioners in March 2002, and this proceeding to confirm the award was not commenced until September 2003. Accordingly, this proceeding was time-barred.

Contrary to the petitioners' contention, the limitations period was not tolled due to the appellant's absence from the state. The tolling provisions of CPLR 207 do not apply "where jurisdiction may be obtained over an out-of-State defendant through use of the long-arm statute" (*Weimer v Lake*, 268 AD2d 741, 742 [2000]; *see* CPLR 207 [3]; *Yarusso v Arbotowicz*, 41 NY2d 516, 518-521 [1977]; *De Simone v Frosina*, 221 AD2d 410, 410-411 [1995]; *Luksic v Killmer*, 121 AD2d 607 [1986]). The Supreme Court had long-arm jurisdiction over the appellant through his ownership and use of real property in the State of New York, which was the subject of the petition to confirm the arbitration award (*see* CPLR 302 [a] [1], [4]; *Black Riv. Assoc. v Newman*, 218 AD2d 273, 278-280 [1996]; *Porisini v Petricca*, 90 AD2d 949, 950 [1982]). Therefore, the Supreme Court should have denied the petition and dismissed the proceeding.

In light of our determination, the appellant's remaining contentions are academic. Ritter, J.P., Cozier, Skelos and Lifson, JJ., concur.