OPINION OF THE COURT
Timothy J. Dufficy, J.
This matter appeared on the court’s Special Term Part Hearing Calendar on September 20, 2005, to determine whether the court had personal jurisdiction over the defendant (a traverse hearing) and final disposition of the defendant’s motion to vacate a default. The court conducted the traverse hearing and heard testimony from the process server and the defendant. Based on the credible evidence adduced thereat, the court makes the following findings of fact and law:
Statement of Facts
An alleged car accident took place on February 26, 2001 in the County of Queens. Plaintiff served a summons and complaint on defendant on February 18, 2004 pursuant to CPLR 308 (4) (nail and mail service). Defendant did not respond to the summons and complaint. An inquest was held May 26, 2004. Plaintiff was awarded judgment in the amount of $25,000. Said judgment was entered by the Clerk of the Civil Court, Queens County, on August 14, 2004.
Defendant’s Contentions
Defendant contends that he was not living at 149-52 124 Street, South Ozone Park (the premises where the process server effectuated service on February 18, 2004). Defendant further contends that he had moved from said address approximately six months prior when the building was sold. He contends he discovered the judgment because it appeared on his credit report. Defendant now moves to vacate the judgment.
Plaintiffs Contentions
Plaintiff contends that service was properly made and that defendant should be estopped from raising the issue of improper service at a nonresidence because the address at which service was effectuated was the address shown by the New York State Department of Motor Vehicles (DMV) abstract which the process server obtained prior to service. The abstract is dated February 7, 2005. Plaintiff further contends that defendant should be estopped since Vehicle and Traffic Law § 505 requires the defendant to notify DMV of any change of address within 10 days.
*330 Hearing
The process server, Carl L. Bechler, testified that he attempted service of the summons and complaint upon the defendant at the address supplied by the DMV He was unsuccessful in finding the defendant at that location despite three attempts. Mr. Bechler further testified that, at his fourth and final attempt to make personal service on the defendant, he had a conversation with the new owner of the building who informed him that the defendant had moved about five months ago and he did not know the defendant’s new address. Notwithstanding the conversation with the new owner, the process server affixed the summons and complaint to the door and followed up with a mailing to the defendant’s former residence (as listed on the DMV abstract). The testimony further revealed that neither the process server nor anyone in his office was aware of whether the mailed copy of the summons and complaint was returned or forwarded to a new address.
Defendant testified that he lived at the address provided by the DMV but that he moved when the building was sold on August 1, 2004, approximately six months before the date of service. Defendant admitted that he did not notify DMV or the post office of his address change for some time.
Conclusions of Law
For service to be proper under CPLR 308 (4), process must be affixed to the defendant’s dwelling place or usual place of abode (CSC Holdings, Inc. v Fung, 349 F Supp 2d 613 [US Dist Ct, ED NY [2004]). Although the plaintiff has requested that the court apply the doctrine of estoppel, the court declines to do so. In the case at bar plaintiff had actual knowledge that defendant did not live at the address where he was served and had not lived there for at least five to six months. There is no admissible evidence that plaintiff or the process server did anything to locate the defendant or ascertain his new address after his conversation with the new owner. Therefore, said service could not be construed to give defendant reasonable notice that a legal action was being commenced against him. For the above-stated reasons, the case at bar must be distinguished from those cases in which defendants fail to apprise the DMV of address change.
The doctrine of equitable estoppel is not appropriate in the case at bar for two important reasons. First and foremost, the process server had actual knowledge that the defendant did not *331 live at the address where service was effectuated (see, Vehicle and Traffic Law § 505; Kandov v Gondal, 11 AD3d 516 [2d Dept 2004]). The place where service was effectuated was neither the dwelling place, usual place of abode or last known residence for purpose of substituted service pursuant to CPLR 308 (4) (see, Chiari v D’Angelo, 123 AD2d 655 [2d Dept 1986]).
Secondly, section 17-103 (4) (b) of the General Obligations Law expressly preserves the court’s power to disallow imposition of the statute of limitations defense when by reason of a person’s conduct it would be inequitable to permit him to interpose the defense of the statute of limitations. The equitable doctrine of estoppel, in a proper case, may be applied to prevent fraudulent or inequitable resort to a statute of limitations (75A NY Jur 2d, Limitations and Laches § 270). Equitable estoppel is the principle by which a party is absolutely precluded both at law and in equity from denying or asserting the contrary of any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had the right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a way that he would suffer injury if such denial or contrary assertion were allowed. Such estoppel can arise only when a person, either by his declarations or conduct, has induced another person to act in a particular manner. The doctrine prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights the enforcement of which would, through his omissions or commissions, cause fraud or injustice to be committed (75 NY Jur 2d, Limitations and Laches § 40). The defendant in the case at bar neither committed fraud nor acted in any way to create an injustice for the plaintiff. There is no evidence of fraud or misrepresentation on the part of the defendant (see, State of N.Y. Higher Educ. Servs. Corp. v Zamore, 59 NY2d 933 [1983]; see, Feinstein v Bergner, 48 NY2d 234 [1979]). In fact there is no evidence that defendant did not give his correct home address at the time of the accident. The defendant does not have a duty to inform the plaintiff that he has changed his residence or of his whereabouts (see, State of N.Y. Higher Educ. Servs. Corp. v Zamore, 59 NY2d 933 [1983], supra; Community State Bank v Haakonson, 94 AD2d 838 [1983]).
Therefore, this court holds that once the process server was informed that defendant no longer lived at his former address, *332 plaintiff was under a duty to perform due diligence to locate the new address of the defendant, to which service may have been effectuated. Therefore, the doctrine of equitable estoppel is inapplicable. The court notes that plaintiff also could have applied to the court for a direction of service “as the court, upon motion without notice, directs” pursuant to CPLR 308 (5).
The court retains inherent discretionary power to vacate a default judgment (Kandov v Gondal, 11 AD3d 516 [2004], supra). It is well settled that in order to vacate a default, the party moving to vacate must demonstrate an excusable default and a meritorious defense (see, Spencer v Sanko Holding USA, 247 AD2d 532 [2d Dept 1998]). However, in the absence of jurisdiction, the defendant is relieved of having to offer a meritorious defense or reasonable excuse for failing to answer the complaint (Ross v Eveready Ins. Co., 156 AD2d 657 [2d Dept 1989]). Since the process server had actual knowledge that the defendant no longer lived at the premises, such gave rise to an excusable default, meritorious defense, and is a clear distinguishing factor from the cases which have held failure to comply with Vehicle and Traffic Law § 505 (5) notice requires estoppel. Furthermore, there is no evidence of fraud or misrepresentation on the part of the defendant (see, Feinstein v Bergner, 48 NY2d 234 [1979]).
Therefore, defendant’s motion to vacate the previously entered judgment is granted.