Spain, J.
Appeal from an order of the Supreme Court (Ferradino, J.), entered June 15, 2012 in Saratoga County, which, among other things, denied petitioner’s application pursuant to CPLR 7510 to confirm an arbitration award.
Petitioners and respondent entered into a construction contract that contained a clause providing for the arbitration of any disputes arising thereunder. They subsequently submitted a dispute to arbitration and, on January 24, 2011, the arbitrator issued an award of damages to petitioners in the amount of $18,352.09, which was received by respondent’s attorney on January 29, 2011. On March 4, 2011, petitioners’ attorney sent a letter to the arbitrator informing him of an alleged error in the computation of the award and requesting modification of the same. On March 17, 2011, the arbitrator sent a letter to the attorneys for both parties indicating, among other things, that he would conduct a telephone conference on the matter if they were not in agreement on this issue. The following day, respondent’s attorney sent a letter vehemently objecting to any modification of the original award. The arbitrator, however, never conducted a telephone conference to hear the parties’ respective positions nor did he make a ruling on the request for modification.
More than a year later, on April 26, 2012, petitioners brought the instant application pursuant to CPLR 7510 to confirm the original arbitration award. Respondent, in turn, objected and sought to have the petition dismissed as untimely. Supreme Court denied the petition as untimely and petitioners now appeal.
We affirm. CPLR 7510 provides a one-year period within *1013 which a party may obtain confirmation of an arbitration award, which runs from the date that the award is delivered to the party (see Matter of Salamon v Friedman, 11 AD3d 700, 700 [2004]; Matter of Cantor v Langer, 210 AD2d 325, 326 [1994]; see also Elliot v Green Bus Lines, 58 NY2d 76, 78 [1983]). In the event that a party seeks modification of the award, the one-year period runs from the date of the arbitrator’s decision on the request for modification (see Spector v Torenberg, 852 F Supp 201, 207 [SD NY 1994]; Bevona v Command Sec. Servs., 284 AD2d 125, 126 [2001]; Matter of Belli [Bender & Co.], 24 AD2d 72, 72 [1965]; see also Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7510 at 63-64). CPLR 7509 governs the procedure for obtaining modification of an arbitrator’s award. In particular, it provides that a written request for modification must be made within 20 days of the delivery of the original award with written notice to the other parties, that written objections must be served upon the arbitrator and other parties within 10 days of receipt of such notice and that the arbitrator must issue a decision within 30 days of the date of the filing of the objections or the expiration of the time within which to do so (see CPLR 7509). Significantly, it has been recognized that an arbitrator’s power to modify an award is extremely limited and that, absent compliance with the statutory requirements, an arbitrator is without authority to modify an award (see Melun Indus., Inc. v Strange, 898 F Supp 995, 1001 n 5 [SD NY 1992]; Silber v Silber, 204 AD2d 527, 529 [1994], lv dismissed and lv denied 85 NY2d 856 [1995]).
In this case, petitioners failed to comply with the provisions of CPLR 7509 with respect to their request for modification of the award. Specifically, petitioners did not make the request within 20 days of the date that the original award was delivered to them (see Matter of Joan Hansen & Co., Inc. v Everlast World’s Boxing Headquarters Corp., 13 NY3d 168, 173 n 1 [2009]). Thus, the arbitrator was without authority to — and did not — rule on the request for modification, which we deem a nullity (see 1199 SEIU, New York’s Health & Human Servs. Union v St. Luke Residential Health Care Facility, Inc., 2005 WL 1828762, 2005 US Dist LEXIS 27615 [2005 ND NY]). Given the noncompliance with CPLR 7509, there is no impact on the statute of limitations set forth in CPLR 7510, which required petitioners to bring their application to confirm the original award within one year of the date that it was delivered (see Siegel, NY Prac § 601 at 1093-1094 [5th ed 2011]). Since petitioners did not do so, Supreme Court properly denied the petition to confirm as untimely.
*1014 Lahtinen, J.R, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.