■ SALAMON DAVIS, Appellant, v HELEN DAVIS, Respondent. [19 NYS3d 572]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated July 21, 2014. The order, insofar as appealed from, denied the plaintiff's motion to confirm an arbitration award dated June 19, 2012, and modified August 24, 2012, and June 24, 2013.

Ordered that the order dated July 21, 2014, is affirmed insofar as appealed from, with costs.

The parties were married on December 8, 1982, and separated in January 2005. In an agreement dated November 27, 2008, the parties agreed to submit their matrimonial dispute to religious arbitration before a Rabbinical court. The agreement was signed by the parties and the defendant's brother, David Farber, as the defendant's attorney-in-fact. The agreement required, in pertinent part, that David Farber provide legal documentation binding the Estate of Benjamin Farber to the arbitration award. Benjamin Farber was the father of the

defendant and David Farber. The defendant subsequently participated in the arbitration through David Farber pursuant to a power of attorney. However, David Farber never produced documentation binding the Estate of Benjamin Farber to the arbitration award.

The marital residence was owned by the plaintiff and the Estate of Benjamin Farber as tenants in common. The arbitration award directed that the residence be sold, and that the plaintiff and the defendant each receive 50% of the proceeds of the sale. The defendant was directed to pay the plaintiff $36,000 for use and occupancy of the marital residence since 2004, and $1,000 for each month that she remained in the marital residence after the date of the arbitration award. Those amounts were due and payable when any portion of the property was sold.

On August 24, 2012, the arbitrators modified their award to provide that when the defendant accepted a "Get," or religious divorce, from her husband, she would receive a payment of $35,000 from his share of the proceeds from the sale of the marital residence. On June 24, 2013, the arbitration award was further modified to provide that the arbitration decision was not binding on the Estate of Benjamin Farber.

Meanwhile, the plaintiff commenced a civil action for divorce on February 19, 2013. By notice of motion dated February 2, 2014, brought in the divorce action, the plaintiff moved to confirm the arbitration award, as amended. The defendant cross-moved to vacate the award on the grounds that (1) the condition precedent binding the Estate of Benjamin Farber to the award was never fulfilled, and (2) the motion to confirm the award was made more than one year after the arbitration award was initially issued in June 2012.

The Supreme Court determined that the motion to confirm the arbitration award was timely, because it was brought within one year after the award was last modified. However, it denied the motion because the plaintiff failed to show compliance with the condition binding the Estate of Benjamin Farber to the terms of the award. Based upon that determination, the court denied as academic the cross motion to vacate the award. The plaintiff appeals from so much of the order as denied his motion to confirm the arbitration award.

The plaintiff's motion to confirm the arbitration award was timely, since it was made less than one year after the arbitration award was modified (*see* CPLR 7510; *Matter of Bianchi [Katz]*, 111 AD3d 1012 [2013]; *Bevona v Command Sec. Servs.*, 284 AD2d 125, 126 [2001]). However, as noted by the Supreme

Court, the arbitration agreement provided that binding the Estate of Benjamin Farber to the terms of the award was a condition precedent to the arbitration. This was not done.

The general rule is that, in a proceeding pursuant to CPLR article 75 to stay arbitration, the question of whether a condition precedent to arbitration has been complied with is for the courts to determine (*see Matter of Village of Chester v Local 445, Intl. Bhd. of Teamsters*, 118 AD3d 1012, 1013 [2014]; *Matter of All Metro Health Care Servs. Inc. v Edwards*, 57 AD3d 892, 893 [2008]). However, a failure to move for a stay of arbitration in a timely manner may constitute a waiver of a judicial determination as to whether a condition precedent to arbitration was satisfied (*see Matter of Karadhimas v Allstate Ins. Co.*, 9 AD3d 429, 430 [2004]). In this case, neither party moved for a stay of arbitration, and both parties participated in the arbitration. Therefore, the defendant waived her contention that the arbitration panel was without authority to hear the case (*see Matter of Tri State Consumer Ins. Co. v High Point Prop. & Cas. Co.*, 127 AD3d 980, 981 [2015]).

The arbitrators recognized in the award that they did not have jurisdiction over the Estate of Benjamin Farber, the owner of 50% of the marital residence. Therefore, the arbitrators' award to the defendant of 50% of the proceeds from the sale of the marital home, and their requirement that she pay substantial sums for use and occupancy once a portion of the premises was sold, presumably from her share of the proceeds of the sale, was beyond the scope of their authority. The sale of the marital residence, in whole or in part, would not generate any proceeds for the defendant, since she does not own an interest in the marital residence. Therefore, the arbitrators' determination that, upon the sale of the marital residence, the defendant should pay the plaintiff $36,000 plus use and occupancy of $1,000 per month from June 2012 was not a rational determination.

Under the circumstances here, the arbitrators' power was "so imperfectly executed . . . that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]; *see* CPLR 7510; *Matter of Outback Steakhouse, Inc. v Contracting Mgt., Inc.*, 58 AD3d 855 [2009]). In view of the foregoing, the plaintiff's motion to confirm the arbitration award was properly denied. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.