# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1029**
**CAF 15-00843**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

IN THE MATTER OF PAULA L. GIBBS, PETITIONER-APPELLANT,

V                                                      MEMORANDUM AND ORDER

ROBERT LEE GIBBS, RESPONDENT-RESPONDENT.

---

PAULA L. GIBBS, PETITIONER-APPELLANT PRO SE.

TIMOTHY R. LOVALLO, BUFFALO, FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered April 13, 2015 in a proceeding pursuant to Family Court Act article 4.  The order denied petitioner's objection to the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On September 19, 1969, petitioner mother was granted an order of support against respondent father for their child, born in 1969.  A judgment was awarded on May 5, 1986 for accumulated arrears.  The mother commenced this proceeding in February 2014 seeking enforcement of the 1986 judgment and child support arrears from the date of the judgment until the child's 21st birthday.

We agree with the mother that the Support Magistrate erred in determining that the six-year limitations period set forth in CPLR 213 (1) applies to the 1986 judgment.  Rather, the judgment is governed by the 20-year period of limitations set forth in CPLR 211 (b) (*see Matter of Dox v Tynon*, 90 NY2d 166, 174; *Tauber v Lebow*, 65 NY2d 596, 598).  Even applying that 20-year period, however, we conclude that the proceeding to enforce the judgment is untimely.  With respect to the arrears that accumulated after the entry of the judgment, even assuming, arguendo, that the 20-year limitations period for money judgments ran from each date of default—even though the order of support was entered prior to August 7, 1987, the effective date of CPLR 211 (e) (*see* 42 USC § 666 [a] [9] [A]; *see generally Dox*, 90 NY2d at 174)—we note that more than 20 years have passed since 1990, the year in which the last default in payment occurred.

Contrary to the mother's contention, Family Court did not err in confirming the Support Magistrate's finding that the statute of limitations was not tolled pursuant to CPLR 207 (*see Rachlin v Ortiz*, 133 AD2d 76, 76).  The findings of the Support Magistrate are entitled

to great deference (*see Matter of Perez v Johnson*, 128 AD3d 1469, 1469), and we conclude that the record supports the disputed finding. Although the mother alleged that the father was absent from the state for periods of time, the father testified and submitted evidence establishing that he resided in New York during the relevant period. We reject the mother's further contention that the court erred in confirming the finding of the Support Magistrate that the father's conduct after the mother commenced this proceeding did not restart the statute of limitations (*see* General Obligations Law § 17-101; *Flynn v Flynn*, 175 AD2d 51, 51-52, *lv denied* 78 NY2d 863; *see generally Fade v Pugliani/Fade*, 8 AD3d 612, 613-614).

Entered:  November 18, 2016                     Frances E. Cafarell
                                                Clerk of the Court