MP v Davidsohn (2019 NY Slip Op 01069)





MP v Davidsohn


2019 NY Slip Op 01069


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-06374
2017-12651
 (Index No. 514932/16)

[*1]MP, et al., respondents, 
v
Daniel Davidsohn, appellant.


Carter Ledyard & Milburn LLP, New York, NY (Alan S. Lewis, Alexander G. Malyshev, and Jacob H. Nemon of counsel), for appellant.
Jonathan E. Neuman, Fresh Meadows, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the defendant appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated March 23, 2017, and (2) an order of the same court dated October 25, 2017. The order dated March 23, 2017, insofar as appealed from, denied that branch of the defendant's motion which pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations. The order dated October 25, 2017, insofar as appealed from, denied that branch of the defendant's motion which was for leave to reargue his prior motion.
ORDERED that the appeal from the order dated October 25, 2017, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 23, 2017, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations is granted.
The plaintiffs in this action are MP, who was born in August 1987, and JP, who was born in January 1994 (hereinafter together the plaintiffs). The action, which was commenced in 2016 when MP was 29 years old and JP was 22 years old, seeks to recover damages allegedly arising from the defendant's sexual abuse of the plaintiffs in 1999.
The defendant moved, pre-answer, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations. In an order dated March 23, 2017, the Supreme Court denied the defendant's motion. The defendant moved, among other things, for leave to reargue, and the court, in an order dated October 25, 2017, denied that branch of the motion.
The denial of a motion for leave to reargue is not appealable and, therefore, the defendant's appeal from so much of the order dated October 25, 2017, as denied that branch of his motion which was for leave to reargue must be dismissed (see Renke v Kwiecinski, 126 AD3d 961, 961; Bank of NY v Segui, 120 AD3d 1369, 1370).
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Tsafatinos v Law Off. of Sanford F. Young, P.C., 121 AD3d 969, 969 [internal citation omitted]; see Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1085-1086; Bullfrog, LLC v Nolan, 102 AD3d 719, 719).
Here, the defendant established, prima facie, that the five-year statute of limitations applicable to the plaintiffs' causes of action (see CPLR 213-c), which arose in 1999, had expired by the time the plaintiffs commenced this action in 2016. In opposition to the motion, the plaintiffs contended that the five-year statute of limitations did not begin to run as to each of the plaintiff's causes of action until that plaintiff turned 18 years old. Further, the plaintiffs contended that because JP turned 18 in January 2012, the five-year statute of limitations had not expired when the action was commenced in 2016. As to MP, who was 29 years old when the action was commenced, the plaintiffs contend that the statute of limitations was tolled under CPLR 207 because the defendant left the state and remained out of the state. The plaintiffs submitted an affidavit from their mother in which she averred that although she asked relatives "from time to time if anybody knew where [the defendant] was," she was unable to locate him.
Under CPLR 213-c, the statute of limitations for personal injuries based on certain sexual acts is five years from the date of accrual. In this case, the plaintiffs' causes of action accrued in 1999. Because the plaintiffs were then infants—younger than 18 years old (see CPLR 105[j])— they were entitled to the extension provided in CPLR 208: "[i]f a person entitled to commence an action is under a disability because of infancy . . . at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, . . . the time within which the action must be commenced shall be extended to three years after the disability ceases." Under the plain terms of this statute, the plaintiffs—whose five-year window to sue would otherwise have expired in 2004—were entitled to a three-year extension of the statute of limitations after they reached the age of 18, i.e., until they turned 21 (cf. Santo B. v Roman Catholic Archdioscese of N.Y., 51 AD3d 956, 957). Both plaintiffs were past that age when this action was commenced.
The plaintiffs' contention that the action was timely because they were entitled to the benefit of the tolling provision of CPLR 207 based on the defendant's alleged absence from the state did not raise a question of fact. Under that statute, as relevant here, when a defendant leaves the state after an action has accrued, and is continually absent from the state for at least four months, the time of the defendant's absence is not included in the time during which the action must be commenced. This tolling provision, however, does not apply "while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to the defendant within the state" (CPLR 207[3]; see Yarusso v Arbotowicz, 41 NY2d 516, 518-519). In other words, the toll will not apply if there is a means by which the defendant may be served notwithstanding his or her absence from the state (see Yarusso v Arbotowicz, 41 NY2d at 518-519). Here, even during his alleged absence from New York State, the defendant was subject to service of process (see CPLR 302[a][2]; 308[5]; 313; State of New York v Davies, 18 NY2d 950; Montgomery v Minarcin, 263 AD2d 665, 667; New York State Higher Educ. Servs. Corp. v Bandler, 168 AD2d 752, 753). The plaintiffs did not submit evidence establishing that the defendant was attempting to evade service of process by, for example, living secretly in a foreign country, such that no means of service of process on him was available (see Liebling v Liebling, 146 AD2d 673, 674).
Finally, contrary to the plaintiffs' contention, the doctrine of equitable estoppel was unavailable to toll the statute of limitations, since in response to the defendant's prima facie showing that the time within which to sue had expired, the plaintiffs failed to raise a question of fact as to whether any action or representation by the defendant induced them to forego the timely commencement of an action to enforce their rights (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553; Zumpano v Quinn, 6 NY3d 666, 674; Chi Kee Pang v Synlyco, Ltd., 89 AD3d 976, [*2]977-978).
Accordingly, we disagree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court